UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO ESTACIO,

                Petitioner,                         Case Number 2:13-cv-12310
                                                        Honorable Nancy G. Edmunds

RANDALL HAAS,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Antonio Estacio's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner was convicted after he entered a no contest plea in the Bay Circuit Court of assault with intent to cause great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and witness intimidation. MICH. COMP. LAWS § 750.122(7)(b). As a result of his convictions Petitioner is serving two concurrent terms of 65 months-to-240 months imprisonment. The sentences are being served consecutively to prior sentences for which he was on parole when the instant offenses were committed. The petition raises one claim: the prosecutor withheld exculpatory evidence prior to entry of Petitioner's no contest plea. The Court finds that the claim is without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability.

## I. Facts and Procedural History

The case against Petitioner involved the beating of Jeffery Spencer with the butt of a shotgun during a dispute about drugs. Spencer knew Petitioner, and identified him as one of two assailants.

On January 14, 2011, Petitioner pled no contest to a single count of assault with intent to commit great bodily harm less than murder. Petitioner's plea was a product of a plea agreement with

the prosecutor by which the prosecutor agreed to dismiss charges of armed robbery, two counts of commission of a felony with a firearm, and conspiracy to commit armed robbery. The prosecutor also agreed to recommend a minimum sentence not to exceed 65 months despite the fact that Petitioner was a fourth-time habitual felony offender. Petitioner was sentenced within the terms of the agreement.

Following his conviction and sentence, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I. The trial court abused its discretion in denying Defendant-Appellant's motion to withdraw his plea where the record evidence established that Defendant-Appellant's plea was not an understanding one.

II. The trial court abused its discretion in denying Defendant-Appellant's motion for an evidentiary hearing as to restitution where the record shows that the victim to whom the restitution was to be paid suffered no actual financial loss as a result of the course of Defendant-Appellant's conduct.

The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." *People v. Estacio*, No. 307785 (Mich. Ct. App. March 19, 2012). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Estacio*, 817 N.W.2d 105 (Mich. 2012) (table).

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

(1) resulted in a decision that was contrary to, or involved an unreasonable

-2-

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's

contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Analysis

Petitioner claims that the victim committed perjury at the preliminary examination by testifying that the wound he suffered was a seven-inch gash, and that the prosecutor failed to disclose the victim's medical records which contained exculpatory information regarding the size of the wound and the number of staples used to close it.

The trial court heard argument on this claim, and it denied relief in a ruling issued from the bench. The court found the prosecutor appeared to have provided the medical records to Petitioner's counsel, or at a minimum that they were made known and were available to the defense. ECF No. 6-24, p. 14. The court also found that Petitioner had not demonstrated that he was prejudiced, even if the records had been suppressed. Id. This decision did not result in an unreasonable application of the established Supreme Court standard.

First, it should be noted that the trial court rejected Petitioner's claim by making a factual finding that the records were provided to Petitioner or made available to him. A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Petitioner has not presented anything to undermine the trial court's factual findings, let alone clear and convincing evidence. Indeed, the defense counsel's reference during the preliminary examination to the victim's medical condition and to what he told the treating physicians support the trial court's determination that defense counsel had the medical records.

Next, even assuming the records were not disclosed, Petitioner's claim nevertheless lacks merit. Pursuant to the rule enunciated in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a defendant's due process rights are violated if the government suppresses favorable evidence where the evidence is material to guilt or punishment, irrespective to the good or bad faith of the prosecution. *Strickler v. Greene*, 527 U.S. 263, 280 (1999); *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003). A *Brady* violation consists of three components: 1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; 2) the state must have suppressed the evidence;

-5-

whether wilfully or inadvertently; and 3) prejudice must have resulted. *Strickler*, 527 U.S. at 281-82; *O'Hara v. Brigano*, 499 F.3d 492, 502 (6th Cir. 2007). A *Brady* claim may arise when the prosecution: 1) introduces testimony that it knows, or should know, is perjury; 2) does not honor a defense request for specific exculpatory evidence; or 3) fails to volunteer exculpatory evidence not requested by the defense, or requested only generally. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995); *United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997).

The failure to disclose evidence is "material" and "prejudicial" to the defendant only when the evidence creates a reasonable probability of a different result. *Strickler*, 527 U.S. at 280 & 282; *Montgomery v. Bobby*, 654 F.3d 668, 678 (6th Cir. 2011) (en banc). A reasonable probability of a different outcome exists where the government's suppression of evidence undermines confidence in the outcome of the proceedings. *Kyles*, 514 U.S. at 434.

The victim testified at the preliminary examination that he told physicians at the hospital that he injured his head horsing around with a friend. Thus, the fact that the medical records reflect this version of events was not suppressed and discusses openly in court. Any failure to disclose the statement in the record therefore would not have been prejudicial, because the victim's admission foreclosed the need to use it for impeachment purposes.

At the preliminary examination the victim also testified that he had nine staples placed in his head to close his wound, and in the victim impact statement he stated that he received a seven-inch cut on his head. The medical report, however, indicates that eight staples were used, and the cut was seven centimeters. These minor differences had no impact. Eight staples are as good as nine insofar as establishing Petitioner's intent to cause great bodily hard. Likewise a nearly three-inch laceration to the scalp caused by a shotgun butt is not so different from a seven-inch laceration. Neither minor

discrepancy had a substantial impact on Petitioner's decision to accept the favorable plea agreement, and therefore confidence in the outcome of the prosecution has not been undermined.

Finally, Petitioner's claim fails for a third reason. In *United States v. Ruiz*, 536 U.S. 622 (2002), the Supreme Court held that a guilty plea is not rendered involuntary by the prosecutor's failure to disclose exculpatory impeachment information prior to the entry of the plea. See *Id.* at 628-33. The Supreme Court noted that "impeachment information is special in relation to the fairness of a trial, not in respect of whether a plea is voluntary." *Ruiz*, 536 U.S. at 629. The Supreme Court further observed that "it is particularly difficult to characterize impeachment information as critical information of which the defendant must always be aware prior to pleading guilty." *Id.* at 630. Therefore, to the extent that the allegedly withheld evidence is viewed as impeachment evidence, Petitioner would not be entitled to habeas relief because the prosecution is not required to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant. *Ruiz*, 536 U.S. at 633; *Post v. Bradshaw*, 621 F. 3d 406, 426 (6th Cir. 2010).

Because Petitioner's claim is without merit the petition will be denied.

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate this Court's assessment of Petitioner's claim.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

 s/ Nancy G. Edmunds
Honorable Nancy G. Edmunds
United States District Judge

Dated: November 7, 2014